UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONARDO SALDANA, | No. |
| Plaintiff, | |
| -against- | COMPLAINT |
| DEJUAN STROUD, INC. and AOG DESIGN, LLC, | Plaintiff Demands a Trial by Jury |
| Defendants. | |

Plaintiff LEONARDO SALDANA ("Mr. Saldana" or "Plaintiff"), by and through his attorneys Levine & Blit, PLLC, complaining of defendants DEJUAN STROUD, INC. and AOG DESIGN, LLC (hereinafter, all defendants shall be collectively referred to as "Defendants"), hereby alleges:

## NATURE OF THE ACTION

1. This civil action is brought to remedy unpaid overtime wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"); unpaid overtime wages and accrued vacation time in violation of the New York Labor Law ("Labor Law"); and violations of the Wage Theft Prevention Act ("WTPA") (Labor Law §§ 195(1) and 195(3)).

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including lost overtime wages and compensation; an award of liquidated damages under the FLSA and Labor Law; statutory damages pursuant to the WTPA; prejudgment interest; Plaintiff's reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and equitable.

1

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants' principal offices are located in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. Mr. Saldana is an adult natural person who is a citizen of the State of New York.

6. DeJuan Stroud, Inc. is a foreign business corporation, duly organized and existing in the State of New Jersey, with its principal place of business located at 348 West 36th Street, New York, New York.

7. AOG Design, LLC is a domestic limited liability company, duly organized and existing in the State of New York, with its principal place of business located at 348 West 36th Street, New York, New York.

8. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

9. Defendants have (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

10. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of applicable federal and state statutes and regulations.

11. At all times relevant to this action, Defendants were an "employer" of Plaintiff within the meaning of applicable federal and state statutes and regulations.

12. At all times relevant to this action, Defendants were a single integrated enterprise or joint employer.

13. Upon information and belief, Defendants are event planning companies focusing on weddings, corporate events, and other celebratory events.

14. Defendants are owned and managed by the same individuals; specifically, DeJuan Stroud and/or Robert Stroud, who controlled the terms and conditions of Plaintiff's employment with Defendants, including, but not limited to, hiring and firing, controlling Plaintiff's work schedule, setting Plaintiff's rate and method of payment, and maintaining employment records for Plaintiff.

15. Defendants have common offices, record-keeping, and equipment.

16. Defendants have common management.

17. Defendants have common control over their employees.

18. Defendants directed Plaintiff to perform work for both DeJuan Stroud, Inc. and AOG Design, LLC.

**FACTUAL ALLEGATIONS**

19. From about May 1, 2016 until February 5, 2020, Plaintiff was employed by Defendants as a delivery driver.

20. Plaintiff's duties as a delivery driver were pick up and drop off items for events, assist in setting up events, and perform other deliveries for the owners of the companies throughout New York, New Jersey, and Connecticut.

21. On days where there were no events, Plaintiff typically worked from about 7 A.M. until about 5 P.M.

22. On days where there were events scheduled, Plaintiff typically worked from about 6 A.M. until sometime between 5 P.M. and 8 P.M.

23. However, there were times where Plaintiff would begin work as early as 4 A.M. and there were times where Plaintiff worked until midnight.

24. At all times relevant to this action, Plaintiff drove a Nissan NV-2500 for Defendants in the performance of his work.

25. At all times relevant to this action, Plaintiff's work vehicle provided by Defendants weighed 10,000 pounds or less.

26. Plaintiff typically worked from Tuesday through Saturday.

27. When Plaintiff first began working for Defendants, he was told the delivery driver position would require 40 hours a week of work.

28. When Plaintiff first began working for Defendants, Plaintiff was paid an hourly wage.

29. After working for Defendants for about two months, Defendants changed Plaintiff's compensation from an hourly wage to a salary and increased the number of hours Plaintiff was required to work.

30. Plaintiff was intentionally misclassified as a salaried non-exempt employee by Defendants.

31. Defendants did not maintain contemporaneous time records for the hours worked by Plaintiff.

32. Defendants did not provide Plaintiff with a means of recording his hours worked.

33. Defendants did not provide Plaintiff with wage statements with each pay period containing the information required by Labor Law § 195(3).

34. Upon hiring and each time Plaintiff's rate of pay changed, Defendants failed to provide Plaintiff with the written notice required by Labor Law § 195(1).

35. Between about July 2016 and February 5, 2020, Plaintiff was paid an annual salary between $50,000.00 and $58,500.00.

36. Plaintiff accrued two weeks of vacation per year which would carry over if unused.

37. Defendants had a policy that their employees would be paid out all accrued, but unused vacation time upon the end of the employment.

38. Plaintiff was terminated on February 5, 2020, but Defendants refused to pay out his accrued, but unused vacation time.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the FLSA)

39. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 38, as if fully set forth herein.

40. Defendants were the employer of Plaintiff within the meaning of the FLSA.

41. Plaintiff was a non-exempt employee of Defendants pursuant to the FLSA.

42. Plaintiff worked in excess of forty (40) hours per week for Defendants on a weekly basis, as described above, but was denied overtime wages.

43. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff. As such, Defendants' noncompliance with the FLSA was willful.

44. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of lost overtime wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime in Violation of the Labor Law)

45. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 44, as if fully set forth herein.

46. Defendants were the employer of Plaintiff within the meaning of the Labor Law.

47. Plaintiff was a non-exempt employee of Defendants pursuant to the Labor Law.

48. Plaintiff worked in excess of forty (40) hours per week for Defendants, as described above, but was denied overtime wages.

49. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff. As such, Defendants' noncompliance with the Labor Law was willful.

50. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of lost overtime wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the Labor Law.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Accrued Vacation Time in Violation of the Labor Law)

51. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 50, as if fully set forth herein.

52. Defendants were the employer of Plaintiff within the meaning of the Labor Law.

53. Plaintiff was a non-exempt employee under the Labor Law.

54. Plaintiff accrued vacation time during the course of his employment which constitutes a wage supplement pursuant to the Labor Law.

55. Defendants refused to pay out Plaintiff's accrued, but unused vacation time upon the conclusion of his employment despite a policy or practice of paying such wage supplements to employees at the end of employment.

56. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff. As such, Defendants' noncompliance with the Labor Law was willful.

57. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of lost compensation in an amount to be determined at trial and is entitled to recover the value of that unpaid compensation plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Violation of the Labor Law 195(1))

58. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 57, as if fully set forth herein.

59. Defendants did not furnish Plaintiff with a written notice upon hiring or change in compensation that complies with statutory requirements under Labor Law § 195(1).

60. Due to Defendants' violation of Labor Law § 195(1), Plaintiff is entitled to recover statutory damages from Defendants in the amount not to exceed $5,000.00, plus attorney's fees and costs of this action.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
(Violations of the Labor Law 195(3))

61. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 60, as if fully set forth herein.

62. Defendants did not furnish Plaintiff with each payment of wages a statement that complies with statutory requirements under Labor Law § 195(3), nor has Plaintiff received any wage statements in compliance with Labor Law § 195(3).

63. Due to Defendants' violation of Labor Law § 195(3), Plaintiff is entitled to recover statutory damages from Defendants in the amount not to exceed $5,000.00, plus attorney's fees and costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

- a) An Order declaring Defendants have violated the provisions of the FLSA and Labor Law relating to payment of overtime wages and accrued vacation time, and the WTPA;

- b) An Order enjoining Defendants from engaging in the unlawful activities alleged above;

- c) An Order awarding monetary damages for Plaintiff's economic losses including unpaid overtime wages and unpaid accrued vacation time;

- d) An Order awarding liquidated damages to Plaintiff under both the FLSA and the Labor Law in an amount equal to the total amount of unpaid overtime wages and unpaid accrued vacation time;

- e) An Order awarding statutory damages to Plaintiff pursuant to the WTPA;

f) An award of prejudgment interest on the unpaid overtime and unpaid accrued vacation owed to Plaintiff pursuant to the Labor Law;

g) An award of Plaintiff's reasonable attorneys' fees pursuant to the FLSA and the Labor Law;

h) An award of the Plaintiff's costs of this action; and

i) Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: March 5, 2020
New York, New York

LEVINE & BLIT, PLLC

Justin S. Clark (JC7795)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, NY 10118
(212) 967-3000
jclark@levineblit.com