## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between LEONARDO M. SALDANA ("Saldana" or "Plaintiff") and DEJUAN STROUD, INC. and AOG Design, LLC (collectively "Defendants"), (Plaintiff and Defendants are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of October 30, 2020.

### RECITALS

A.  WHEREAS, on or about March 9, 2020, Claimant filed an action (the "Action") against the Company, alleging, *inter alia*, that Company failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 20-cv-01965-VEC;

B.  WHEREAS, no court has considered or determined the claims presented in the Action;

C.  WHEREAS, Company admits no wrongdoing, nor any liability with respect to Claimant's allegations. Defendants admit no wrongdoing, nor any liability with respect to Plaintiff's allegations. To the extent there may be monies owed to Plaintiff under the Fair Labor Standards Act and/or New York Labor Law, the Parties acknowledge there is a genuine good faith dispute over, among other things, the number of hours worked by Plaintiff;

D.  WHEREAS, on September 30, 2020, the parties and their counsel participated in a mediation session with Jack Levin, Esq. at the conclusion of which they reached a settlement, which settlement is subject to court approval;

E,.  NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENT

1.  <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

2.  <u>Settlement Compensation</u>

In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, DeJuan Stroud, Inc. agrees to pay Claimant the gross settlement amount of Thirty-Thousand and no/100 Dollars ($30,000.00) (the "Settlement Amount"), which settlement amount is subject to court approval, as follows:

(a) Within fifteen (15) days of the approval by the Court of the Settlement, DeJuan Stroud, Inc. shall deliver to Levine & Blit, PLLC, 350 Fifth Avenue, Suite 4020, New York, NY

10118, the amount of $15,000.00, to be paid as follows: (i) one check in the amount of $5,000.00, with ordinary deductions and withholdings, payable to "Leonardo Saldana"; (ii) one check in the amount of $5,000.00 without any deductions payable to "Leonardo Saldana" representing alleged liquidated damages and prejudgment interest; and (iii) one check in the amount of $5,000.00, without any deductions or withholdings, payable to "Levine & Blit PLLC" representing Plaintiff's reasonable attorney's fees and costs.

(b) Within forty-five (45) days of the approval by the Court of the Settlement, DeJuan Stroud, Inc. shall deliver to Levine & Blit, PLLC, 350 Fifth Avenue, Suite 4020, New York, NY 10118, the amount of $15,000.00, to be paid as follows: (i) one check in the amount of $5,000.00, with ordinary deductions and withholdings, payable to "Leonardo Saldana"; (ii) one check in the amount of $5,000.00 without any deductions payable to "Leonardo Saldana" representing alleged liquidated damages and prejudgment interest; and (iii) one check in the amount of $5,000.00, without any deductions or withholdings, payable to "Levine & Blit PLLC" representing Plaintiff's reasonable attorney's fees and costs.

3. <u>Release.</u> For and in consideration of the payment provided for in Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably and forever releases and discharges Defendants from all contract actions, tort actions, statutory actions (including, without limitation, claims under the Fair Labor Standards Act of 1938, as amended; the Family and Medical Leave Act of 1993; Title VII of the Civil Rights Act of 1964, as amended, 42 United States Code Sections 2000-e *et. seq.*; the Rehabilitation Act of 1973; the Age Discrimination in Employment Act of 1967; the Employee Retirement and Income Security Act of 1974; the Americans with Disabilities Act of 1990; the Civil Rights Acts of 1866 and 1991; the National Labor Relations Act; the Equal Pay Act of 1963; the New York Labor Law; the New York Civil Rights Law; the New York City Human Rights Law; the New York City Fair Workweek Law; and the New York City Paid Sick Leave Law), and various state and local laws, administrative actions, and constitutional claims, as well as all claims for costs, expenses, or attorneys' fees, for which Plaintiff had, has, or hereafter may have against Defendants, including, but not limited to any and all claims, damages, or losses, known or unknown, directly or indirectly sustained by Plaintiff in connection with any matter arising out of his employment or any other relationship with Defendants, or any other facts or occurrences from the beginning of time up to and including the date and time he executes this Agreement., which Plaintiff has or may have against Defendants as of the date of this Agreement.

4. <u>Cooperation.</u> Plaintiff and Defendants mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action.

5. <u>Voluntary Dismissal With Prejudice.</u> Upon the execution of this Agreement, Plaintiff will file a Stipulation of Dismissal With Prejudice in the Action and seek the Court's approval of the settlement.

6.      Jurisdiction. The Settling Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

7.      Headings. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

8.      Covenant Not to Sue. In consideration of the payments to be made and consideration set forth in this Agreement, Plaintiff covenants and agrees that, to the maximum extent permitted by applicable law, he will not sue or file or institute or maintain any lawsuit, grievance or arbitration against Defendants or any of DeJuan Stroud, Inc.'s past or present members, directors, officers, agents, employees, and representatives (and all who succeed to their rights and responsibilities) with respect to any of the claims, matters and issues covered by this release, under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, any federal or state whistleblower statute, the Family and Medical Leave Act, the Equal Pay Act, the Fair Labor Standards Act, the New York Labor Law, the New York Civil Rights Law, the New York City Human Rights Law, the New York City Fair Workweek Law, the New York City Paid Sick Leave Law, or any other federal, state, or local laws (or ordinances) prohibiting employment discrimination or restricting an employer's right to take personnel action with respect to its employees (each as amended) as well as any other regulation, under the statutory or common law of any country, province or state, or under any contract or any other theory of relief. Further, in any legally authorized action, Plaintiff waives the right to any form of recovery, compensation or other remedy or relief of any kind. Plaintiff further agrees that he will "opt out" of, or not "opt in" to, any class action in which Defendants are named, or have been named, as a defendant. In the event that Plaintiff violates any part of this Section, Defendants shall be entitled to recover damages from him, including but not limited to attorneys' fees and the costs of defending such a suit or claim.

9.      No Future Employment or Other Remunerative Relationship. Plaintiff agrees and recognizes that his employment relationship with DeJuan Stroud, Inc. has been permanently and irrevocably severed and that the Company has no obligation, contractual or otherwise, to reinstate, hire, rehire, or re-employ him in the future. Plaintiff further agrees that in the future he shall not apply for or otherwise seek employment or other remunerative relationship with the Company on his own or through an employment agency, and that if he does so, the Company may for any reason refuse to hire him, withdraw any offer, or terminate any employment relationship without notice, cause, or recourse, and Plaintiff shall initiate no proceeding of any kind because of such refusal, withdrawal, or termination. In the event that Plaintiff, on his own or through an employment agency, responds to a blind advertisement for employment with the Company, Plaintiff agrees to withdraw such response as soon as he has notice that the advertisement has been placed by the Defendants.

10.     Neutral Reference. In the event of an inquiry by a prospective employer regarding Plaintiff's former employment at DeJuan Stroud, Inc., Plaintiff agrees to direct all such requests for references to Debra Stroud. In response to such a request directed to DeJuan Stroud, Inc.,

Debra Stroud will provide prospective employers with information solely as to Plaintiff's dates of service, title, and salary.

11. **No Interference with Contractual or Business Relations.** Plaintiff agrees not to engage in activities that interfere with Defendants' respective contractual and business relations. Specifically, Plaintiff will not, directly or indirectly, contact, solicit or induce any person who at any time during the preceding 2 years was an employee or client of DeJuan Stroud, Inc. and/or AOG Design, LLC to either leave and/or to limit, reduce or cease doing business, or contracting with Defendants.

12. **Taxes.** Defendants make no representations or warranties regarding the taxability of the Settlement Payment referenced in paragraph 4. Plaintiff agrees to assume sole responsibility for any income tax liability he may owe as a result of the Settlement Payment and agrees to release, indemnify and hold Defendants harmless from any obligation or liability to any and all taxing authorities for any deductions, liens, taxes or other obligations with respect to said payments.

13. **No Admission of Liability.** This Agreement is entered into as a settlement and compromise of vigorously disputed Saldana's wage and hour claims. Defendants deny liability to Saldana, and enters into this Agreement solely to save costs and avoid the distraction to business created by disputes, litigation and/or potential litigation. Neither this Agreement nor the aforesaid consideration and promises is to be construed as an admission by Defendants of any wrongdoing or liability, nor to be admissible as evidence in any proceeding other than for enforcement of this Agreement.

14. **Confidentilality.** Saldana and his attorneys acknowledge and agree that this Agreement was made and entered into in strict confidence and must remain confidential. Saldana and his attorneys promise, warrant, and represent that they have not disclosed, and will not disclose or offer to disclose, whether privately or publicly, or take any steps to publicize, the facts contained within this settlement, the existence of this Agreement, any of the terms of this Agreement or any of the facts of the case other than those that are currently in the public realm, to any person or entity, including, but not limited to, any person currently or formerly employed by or at Defendants or any member of the print, electronic or other media. Upon inquiry, Saldana and/or anyone acting for or in concert with him may state only that "the matter has been resolved." The only exceptions to the foregoing agreed ban on all future disclosures are:

(1) disclosure required of Saldana by law or to enforce any obligations created by this Agreement; or

(2) a disclosure made to Saldana's attorneys, accountants or financial advisers ("Professionals") incident and necessary to their giving professional advice to Saldana. Before any disclosure is made to such Professionals, Professionals must be advised of the confidential nature of this Agreement and must agree to be bound by its terms.

(3) if disclosure is to be made pursuant to the "required by law" exception in this paragraph, Saldana or his representatives must immediately, and in no event more than five (5) business days from receipt of a request or order for such disclosure, and prior to any such

disclosure, notify Defendants so they can seek appropriate relief from a court or tribunal of competent jurisdiction. Saldana will cooperate with Defendants in such efforts.

(4) Saldana represents that at the time of signing this Agreement, he is in full compliance with this confidentiality provision.

15. Saldana understands that this Agreement is deemed to have been drafted jointly by the parties. Any uncertainty or ambiguity must not be construed for or against any party based on attribution of drafting to any party.

16. Saldana understands and agrees that if any provision of this Agreement is, for any reason, adjudged by any court of competent jurisdiction to be invalid or unenforceable, such judgment does not affect, impair, or invalidate the remainder of the Agreement, but is confined in its operation to the provision directly involved in the controversy in which such judgment is rendered.

17. Saldana understands that the Agreement represents the entire agreement and understanding between the parties and supersedes any prior agreement, understanding or negotiations. No change to or modification of this Agreement is valid or binding unless it is in writing and signed by Saldana and a duly authorized officer of DeJuan Stroud, Inc.

18. This Agreement is governed and construed under the laws of the State of New York.

19. No waiver of any breach of any term or provision of this Agreement is or may be construed as a waiver of any other breach of this Agreement. No waiver is binding unless in writing and signed by the waiving party.

20. This Agreement inures to the benefit of and is binding upon the heirs, representatives, successors and assigns of each party to it.

21. Saldana acknowledges that he has personally read this Agreement and has reviewed it with legal counsel of his own choosing. Saldana acknowledges that he has been provided a full and ample opportunity to study this Agreement, that it fully and accurately reflects any and all understandings and agreements between the parties and that he is not relying on any other representations whatever as an inducement to execute this Agreement.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

*[signature]*

Leonardo M. Saldana

**DeJuan Stroud, Inc.**

By: _____

Name:
Title:

**AOG Design, LLC**

_____

Name:
Title:

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
**Leonardo M. Saldana**


**DeJuan Stroud, Inc.**

By: _____
Name: Debra Stroud
Title: Vice President/Owner


**AOG Design, LLC**

_____
Name: Robert Stroud
Title: Partner