**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEONARDO SALDANA,

           Plaintiff,

  -against-

DEJUAN STROUD, INC. and
AOG DESIGN, LLC,

           Defendants.

No. 1:20-cv-1965 (VEC)

JOINT LETTER FOR
SETTLEMENT APPROVAL

---

      Plaintiff Leonardo Saldana ("Plaintiff") and defendants DeJuan Stroud, Inc. and AOG Design, LLC (collectively, "Defendants"), by and through their respective attorneys of record, respectfully submit this Joint Letter requesting that the Court approve the Settlement Agreement and Release annexed hereto as "**Exhibit A**" (the "Agreement") entered into between the parties pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and its progeny. Counsel for the parties respectfully submit that the Agreement constitutes a fair and reasonable compromise of the FLSA claims in this matter, which should be approved by the Court.

I.    <u>Background</u>

      Plaintiff has alleged that from May 1, 2016 until February 5, 2020, Plaintiff worked for Defendants as a delivery driver. In addition to driving, Plaintiff has alleged that his duties included setting up for events and cleaning up after events. Plaintiff has further alleged that when he began working for Defendants, he was told the job was a 40 hour per week job and he was paid on an hourly basis. Plaintiff further alleges that after a couple months of working for Defendants, Defendants changed Plaintiff from being paid on an hourly basis to being paid on a salary basis, and began assigning work to Plaintiff that required more than 40 hours per week of work. Plaintiff has alleged that Defendants did not maintain contemporaneous time records of the work performed by Plaintiff.

      Plaintiff has alleged that he generally worked from Tuesday through Saturday for Defendants. Plaintiff has further alleged that on days where no events were scheduled, he typically worked from 7 AM until 5 PM; and on days where an event was scheduled, he typically worked from about 6 AM until about 5 PM to 8 PM. However, Plaintiff has alleged that there were times where he would begin work as early as 4 AM, and there were times where he would work as late as midnight. According to the payroll records produced by Defendants, from July 11, 2016 through September 3, 2017, Plaintiff was paid $1,846.16 on a bi-weekly salary basis. According to the payroll records produced by Defendants, from September 4, 2017 through October 27, 2019, Plaintiff was paid $2,030.77 on a bi-weekly salary basis. According to the

1

payroll records produced by Defendants, from October 28, 2019 through February 5, 2020, Plaintiff was paid $2,250.00 on a bi-weekly salary basis.

## II. Plaintiff's Range of Possible Recovery

Plaintiff estimates that if he could prove he worked 60 hours per week every week for Defendants and he could prove that he was owed time and one-half for all overtime hours worked, that he sustained approximately $185,000.00 in unpaid overtime wages. If the fluctuating work week exception applied and Plaintiff could prove he worked 60 hours per week, Plaintiff estimates that he sustained approximately $60,000.00 in unpaid wages. However, if Defendants could prove the motor carrier exemption applied or Plaintiff failed to prove overtime hours worked, Plaintiff's recovery would be zero. Given the risks and burdens discussed below (and the early stage of litigation), Plaintiff estimated a possible range of recovery would be between $25,000.00 and $60,000.00.

## III. Avoidance of Anticipated Burdens and Expenses

This settlement was reached at the pre-Answer stage. An early resolution of this matter avoids substantial expenses for the parties in litigation costs associated with discovery, motion practice, and trial of this matter. Further, early resolution of this dispute avoids the imposition of additional burdens on judicial resources.

## IV. Seriousness of Litigation Risks

Defendants are event planning companies focusing on weddings, corporate events, and other celebratory events. As a result of COVID-19, Defendants have claimed that they have sustained substantial losses in revenue and may even face bankruptcy in the future. If Defendants were to go bankrupt, Plaintiff would most likely be left without a recovery of any amount.

Defendants did not maintain contemporaneous time records of Plaintiff's work; therefore, the amount of time worked by Plaintiff each week would likely be established by a combination of testimonial evidence by Plaintiff and others, inferences from E-Z Pass records, and inferences from communications between the parties by text message and/or email. Given the complexity of establishing the amount of time worked by Plaintiff each workweek for Defendants, there is a risk that a jury may not be able to conclude overtime work was performed, which could result in a limited or zero recovery for Plaintiff.

## V. The Settlement Is a Product of Arm's-Length Bargaining between Experienced Counsel

Throughout this process, Plaintiff and Defendants were represented by counsel who are knowledgeable and experienced in the litigation of wage and hour disputes. The parties engaged in the production of documents pursuant to the Court's Order prior to mediation which resulted in over 600 pages of relevant documents being exchanged. In addition, this settlement is the product of a mediation between the parties with the assistance of Jack Levin, Esq., a mediator

approved and appointed by the United States District Court for the Southern District of New York.

## VI. There Is No Possibility of Fraud or Collusion

There is no possibility of fraud or collusion in reaching this settlement for reasons stated in Section V above – to wit: (1) Plaintiff and Defendants were represented by experienced and knowledgeable counsel, and (2) the settlement was a product of an arm's-length negotiation assisted by a third-party neutral mediator.

## VII. Bona Fide Disputes

### A. Number of Hours Worked

Plaintiff alleged that he worked approximately 60 hours per week for Defendants. On the other hand, Defendants contend that Plaintiff worked less than 40 hours per week. Defendants did not maintain contemporaneous time records for Plaintiff's work. Neither party has documents that can clearly establish the precise amount of time that Plaintiff worked each week. If litigation were to continue, the number of hours worked by Plaintiff is a topic that would be highly contested and disputed between the parties.

### B. Compensation Due

Plaintiff contends that he is owed time and one-half of his regular hourly wage for all hours worked in excess of 40 in a work week. Defendants contend that Plaintiff is exempt from overtime or subject to the fluctuating work week exception to overtime compensation. If the motor carrier exemption were to apply, then Plaintiff would not be entitled to any overtime wages. If the fluctuating work week exception applied, then rather than time and one-half of Plaintiff's regular hourly rate, Plaintiff could only recover one-half time of his regular hourly rate for all overtime hours worked, which results in a substantially smaller recovery for Plaintiff.

## VIII. Terms of the Settlement Agreement

Pursuant to the Court's Order dated November 4, 2020, the parties have revised the Agreement to comport with the Court's Order and directives.

## IX. Attorney's Fees Sought

"To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). "A court determining the portion of a FLSA settlement reasonably allocated to attorneys' fees may use either a 'lodestar' method or a 'percentage of the fund.'" *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 U.S. Dist. LEXIS 53339, 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016). When using a 'percentage of the fund' approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 U.S. Dist. LEXIS 166890, 2015

3

WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015).  In determining a reasonable award of attorneys' fees, a court should also consider traditional criteria such as "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).

Although this matter was resolved pre-Answer, Plaintiff's counsel expended significant time in furtherance of Plaintiff's claim, which included reviewing over 600 pages of discovery in preparation for a mediation.  Although seemingly a straightforward unpaid overtime claim, the instant action was complex in that Defendants did not maintain contemporaneous time records for Plaintiff; and Defendants were relying upon the motor carrier exemption from overtime and fluctuating work week exception to the calculation of overtime wages.  Plaintiff's chance for success depended upon a complex factual and legal analysis to prove the number of hours worked and that Plaintiff was not exempt from overtime.  Plaintiff's counsel took on significant risk by accepting Plaintiff's case on a contingency fee basis without guarantee of recovery of attorney's fees or costs expended on Plaintiff's behalf.  Plaintiff was provided with quality and experienced counsel throughout this litigation, as Plaintiff's counsel focuses his practice on this area of the law.  The requested fee is reasonable in relation to the settlement obtained and attorney's fees expended, as addressed below.  Likewise, public policy favors early resolution of claims through agreement between the parties.

The attorney's fees and costs for Plaintiff's counsel pursuant to the Settlement Agreement are equal to $10,000.00, which is 33 1/3% of the total recovery.  Plaintiff's counsel has expended $475.00 in costs on Plaintiff's behalf, and Plaintiff's counsel has incurred $8,880.00 in attorney's fees in the litigation of the instant action.  Annexed hereto as "**Exhibit B**" is a true and accurate copy of contemporaneous time records for work expended by Plaintiff's counsel and costs incurred in this action.  Throughout this action, Plaintiff has been represented by the undersigned, Justin S. Clark, Esq.  The undersigned, Mr. Clark, is an attorney who has eight years of experience primarily focusing on wage and hour litigation, including class action litigation of the same.  Mr. Clark's hourly rate in this action was $300.00.

Based upon the foregoing, Plaintiff's counsel respectfully requests that the Court finds that its attorney's fees in this action are deemed fair and reasonable.

The Settlement Agreement is approved as fair and reasonable.  This case is DISMISSED with prejudice.

SO ORDERED.

*Valerie Caproni*
11/30/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

LEVINE & BLIT, PLLC

Justin S. Clark

4